## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH
## CIVIL ACTION NO. 5:15CV-27-TBR

**RANDY BOWMAN**                                                                **PETITIONER**

**v.**

**UNITED STATES OF AMERICA**                                          **RESPONDENT**


## MEMORANDUM OPINION

Randy Bowman filed a *pro se* motion which he captioned as a "Motion for Final Disposition of Pending Charges" (DN 1).  The Court construed the motion as a petition seeking habeas corpus relief under 28 U.S.C. § 2241.  However, Bowman failed to pay the $5.00 filing fee or file an application to proceed without prepayment of fees or file his action on a Court-approved form.  Therefore, by Memorandum and Order entered February 11, 2015, the Court ordered Bowman to tender the $5.00 filing fee or file an application to proceed without prepayment of fees and to file his action on the Court-approved § 2241 form within 30 days. The Memorandum and Order warned Plaintiff that failure to tender the $5.00 filing fee or file an application to proceed without prepayment of fees and to re-file the action on the Court's approved form within 30 days would result in dismissal of the action.

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Memorandum and Order or to take any other action in this case.  Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims.  Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same

policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's prior Memorandum and Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc:      Petitioner, *pro se*
4413.010